UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                    File No.  1:04-CR-165

v.

                                    HON. ROBERT HOLMES BELL

GEORGE TERRANCE BESSER,

        Defendant.
                                      /

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant George Terrance Besser's motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c).  On June 14, 2005, the jury returned a verdict of guilty against Defendant for multiple counts of mail fraud, money laundering, conspiracy to commit mail fraud and money laundering, and conspiracy to defraud the United States.  Thereafter, on June 28, 2005, Defendant filed the present motion for a judgment of acquittal contending that the evidence was insufficient to convict him of the above offenses.  For the reasons that follow, Defendant's motion is denied.

Before considering the merits of a motion for a judgment of acquittal pursuant to Rule 29, the Court must determine if the motion was timely filed.  Rule 29(c)(1) provides: "A defendant may move for a judgment of acquittal or renew such a motion, within 7 days after a guilty verdict or after the court discharges the jury, whichever is later, or within any other

time the court sets during the 7-day period." FED. R. CRIM. P. 29(c)(1).  This seven-day time period is strictly enforced.  *See Carlisle v. United States*, 517 U.S. 416, 433 (1996) (holding that district court did not have authority to grant a motion for judgment of acquittal filed one day outside of the time limit prescribed by Rule 29(c)); *United States v. Gupta*, 363 F.3d 1169, 1172-73 (11th Cir. 2004); *United States v. Emuegbunam*, 268 F.3d 377, 397 (6th Cir. 2001).

Rule 45 provides certain guidelines for computing the seven-day time period under Rule 29(c).  *See* FED. R. CRIM. P. 45(a); *Emuegbunam*, 268 F.3d at 397 (applying Rule 45(A) to compute the seven-day period for filing a motion under Rule 29(c)).  In addition to excluding the day of the event beginning the period of time, in this case the date of the guilty verdict and the discharge of the jury, Rule 45(a)(2) mandates that for periods of less than 11 days, intermediate Saturdays, Sundays, and legal holidays are excluded.  FED. R. CRIM. P. 45(A)(2).  In this case, applying Rule 29(c)(1) and Rule 45(a), the seven-day time period began on June 15, 2005, the day following the guilty verdict. The intermediate Saturday and Sunday are excluded pursuant to Rule 45(A)(2), thus the deadline for timely filing the motion was June 23, 2005.  Defendant's motion was filed on June 28, 2005, nearly one week after the deadline.  Accordingly, the Court does not have jurisdiction over Defendant's untimely motion.  *See Carlisle*, 517 U.S. at 433; *United States v. Sheppard*, 149 F.3d 458, 462-63 (6th Cir. 1998) (holding that based upon *Carlisle* the district court lacked jurisdiction over an untimely Rule 29(c) motion); *United States v. Rupert*, 48 F.3d 190, 192 (6th Cir. 1995)

("Under Rule 29, it is beyond the court's jurisdiction to grant an untimely motion for acquittal."). Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for a judgment of acquittal (Docket #436) is **DENIED**.

Date:      July 19, 2005               /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       CHIEF UNITED STATES DISTRICT JUDGE